FILED

2019 Nov-07  PM 04:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | } | |
| | } | |
| v. | } | CASE NO.  3:19-cr-532-MHH-HNJ |
| | } | |
| MICHAEL TAYS | } | |

## PROTECTIVE ORDER

Before the Court is the Government's Motion for a Protective Order pursuant to Federal Rule of Criminal Procedure 16(d)(1). (Doc. 7).  The Government requests that the Court authorize the disclosure of discovery documents to the defendant's counsel without the necessity of redacting all personally identifying information, including names, residential addresses, dates of birth, and social security numbers. The Government has also requested a protective order governing the use of the items containing personally identifying information.

After due consideration, the Court **GRANTS** the motion as follows:

1. In accordance with the Court's Standing Discovery Order, the Government may disclose to the defendant's counsel unredacted discovery containing personally identifying information.

2. The defendant's counsel shall:

   a. use the discovery material that contains personally identifying information only as necessary to represent the defendant in this case;

b. acknowledge that their client understands the sensitive nature of this discovery, that it should not and will not be shared with anyone beyond defense counsel and professional members of the defense team (including paralegals, legal assistants, and expert witnesses), and that all such material in the possession of the defense team will be returned or destroyed following the completion of the case;

c. not leave discovery material containing personally identifying information in the control or custody of the defendant or any person who is not a professional member of the defense team;

d. limit the defendant's access to electronically stored discovery so that the defendant cannot print, download, or otherwise retain any discovery files that contain personally identifying information; and

e. collect and return to the Government all paper and electronic copies of any discovery material that contains personally identifying information at the conclusion of this litigation or, alternatively, destroy those items and confirm their destruction to the Government.

3.     Personally identifying information may be subject to redaction before documents containing such information can be used in open court or a public filing. This Order does not affect the redaction requirements for materials filed with the

Court in compliance with Federal Rule of Criminal Procedure 49.1.  Such redaction is still required.

4.      The procedures for use of documents containing personally identifying information during any hearing or trial shall be determined by the Court in advance of the hearing or trial.  No party shall file (except under seal) or disclose in open court documents containing personally identifying information without prior consultation with the Court.

5.      Persons accepting disclosure of personally identifying information pursuant to the terms of this Order shall be deemed to submit themselves to the jurisdiction of the Court for purposes of enforcement of this Protective Order.

SO ORDERED this 7th day of November, 2019.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE

3